UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DENNIS BEARDALL; and LEANN BEARDALL,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STRIKE PLAINTIFFS' REPLY IN SUPPORT OF COUNTERMOTION (DOC. NO. 20)**<br><br>Case No. 2:25-cv-00098<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Dennis and Leann Beardall filed this insurance dispute against State Farm Mutual Automobile Insurance Company in the Fourth Judicial District Court of Utah County.[1] After removing the case to federal court, State Farm filed a partial motion to dismiss for failure to state a claim, arguing (among other things) the Beardalls' allegations fail to establish compliance with Utah Code § 31A-22-305.3's notice provisions.[2] The Beardalls filed a response brief acknowledging "it appears" they "have yet" to comply with section 31A-22-305.3.[3] The Beardalls' response brief also contains

---

[1] (*See* Pet. for Removal, Doc. No. 2.)

[2] (*See id.*; Mot. to Dismiss Second Cause of Action for "Breach of the Covenant of Good Faith and Fair Dealing" 4–5, Doc. No. 3.)

[3] (*See* Pls.' Opp'n to Def.'s Mot. to Dismiss Second Cause of Action for "Breach of the Covenant of Good Faith and Fair Dealing" and Countermotion for Leave to Extend Deadlines or, in the Alt., for Leave to Amend Compl. 3, Doc. No. 16.)

a "countermotion" (1) to extend the deadline to comply with section 31A-22-305.3's notice provisions and (2) for leave to amend their complaint "to provide the specificity which will inherently be disclosed" in their section 31A-22-S305.3(9) notice.[4] State Farm filed a reply in support of its motion to dismiss, arguing the Beardalls' embedded countermotion should be disregarded.[5] Without obtaining leave of court, the Beardalls then filed an sur-reply in support of their countermotion.[6] State Farm has now moved to strike this sur-reply, arguing it violates local rules prohibiting unauthorized sur-replies and motions embedded in briefs.[7] Because the Beardalls' sur-reply violates this court's local rules, State Farm's motion to strike is granted. The Beardalls' sur-reply is stricken.

## ANALYSIS

Rule 7-1(a) of the Local Rules of Civil Practice, entitled "Motion, Response, and Reply," provides briefing procedures for filing motions in this court.[8] When a party files

---

[4] (*See id.* at 3–7.)

[5] (*See* Reply in Supp. of Mot. to Dismiss Second Cause of Action for "Breach of the Covenant of Good Faith and Fair Dealing," Doc. No. 17.)

[6] (*See* Reply in Supp. of Countermotion for Leave to Extend Deadlines or, in the Alt., for Leave to Amend Compl., Doc. No. 19.)

[7] (*See* Mot. to Strike Pls.' Countermotion for Leave to Extend Deadlines or, in the Alt., for Leave to Amend Compl. and Pls.' Reply in Supp. of Countermotion, Doc. No. 20.) State Farm does not seek to strike the Beardalls' initial countermotion—State Farm only seeks to strike the Beardalls' reply in support of their countermotion (*See id.* at 1.)

[8] *See* DUCivR 7-1(a), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202024.pdf [https://perma.cc/CSX4-8M5T].

a motion to dismiss, Rule 7-1(a)(4)(A) permits a response and a reply.[9] "Unless ordered otherwise, the court will not consider additional memoranda," such as an unauthorized sur-reply.[10] Additionally, under Rule 7-1(a)(3), "a party may not make a motion . . . or a cross-motion in a response or reply."[11] Instead, "any motion must be separately filed."[12]

Rather than contending their sur-reply complies with these local rules, the Beardalls argue the court should suspend these provisions because consideration of their sur-reply promotes judicial economy.[13] Specifically, the Beardalls suggest that if the court strikes the sur-reply, they "will instead file Motions to Extend and to Amend Pleadings."[14] The Beardalls' judicial-economy argument may have merit if the sur-reply were a necessary part of a fully briefed countermotion. But one problem with requesting relief in a response (as opposed to an independent motion) is that it hampers full briefing. (For instance, the Beardalls' request to amend their complaint, contained in their response to State Farm's motion to dismiss, fails to comply with local rules

---

[9] *See* DUCivR 7-1(a)(4)(A).

[10] *See* DUCivR 7-1(a)(9).

[11] DUCivR 7-1(a)(3) (citation modified).

[12] *Id.* (citation modified).

[13] (*See* Pls.' Resp. to Def.'s Mot. to Strike 2, Doc. No. 21.)

[14] (*Id.*)

governing such requests[15]—which leaves State Farm unable to substantively respond.) And without full briefing on a party's request for relief, the court may lack the information necessary to address the request. It makes little sense to suspend local rule requirements under the circumstances.

## CONCLUSION

Because the Beardalls' unauthorized sur-reply violates this court's local rules, State Farm's motion to strike[16] is granted. The Beardalls' unauthorized sur-reply[17] is stricken.

DATED this 1st day of July, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[15] *See* DUCivR 15-1 (requiring parties moving for leave to amend to attach a proposed amended complaint with a redline comparison to the original pleading, among other things).

[16] (Doc. No. 20.)

[17] (Doc. No. 19.)